DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, David E. Shelly, appeals the decision of the Wayne County Court of Common Pleas, which granted a motion for a judicial dissolution of Metal Dynamics, Inc., to appellee, Brian Scott Plance. This Court affirms.
 I. {¶ 2} Shelly and Plance formed a partnership in February of 1998. They incorporated the business on October 6, 1998, under the name Metal Dynamics, Inc. Plance and Shelly each owned one half of the shares of the corporation.
 {¶ 3} Both Plance and Shelly worked full-time for the company from February 2000 until Shelly left in November of 2001. Plance continued to manage the company after Shelly's departure, until he decided to dissolve the corporation. Plance scheduled a shareholders' meeting for July 9, 2002. Despite being properly notified, Shelly did not attend the shareholders' meeting. No action was taken at the shareholders' meeting because Plance lacked the number of votes required to dissolve the corporation. Consequently, Plance sought judicial dissolution of Metal Dynamics, Inc., pursuant to R.C. 1701.91.
 {¶ 4} Plance filed a motion for summary judgment on May 31, 2002. Shelly filed a motion to dismiss on June 11, 2002, alleging that the common pleas court did not have subject matter jurisdiction because the complaint was not verified. Shelly filed a motion in opposition to Plance's motion for summary judgment on June 20, 2002. On June 25, 2002, Plance submitted a verification for his complaint. The trial court denied Shelly's motion to dismiss in an order journalized on August 5, 2002.
 {¶ 5} Plance then sought and obtained leave of court to file an amended verified complaint on September 24, 2002. Shelly filed his answer to the amended verified complaint on September 30, 2002.
 {¶ 6} On December 23, 2002, the trial court held an evidentiary hearing regarding the dissolution of Metal Dynamics, Inc. The trial court ordered that Metal Dynamics, Inc., be dissolved and the assets of the corporation be sold.
 {¶ 7} Shelly timely appealed, asserting one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The Trial Court Erred As A Matter Of Law By Ordering A Judicial Dissolution Of The Corporation, Metal Dynamics, Inc., Under R.C.1701.91(A)(4)."
 {¶ 8} In his sole assignment of error, Shelly argues that the trial court erred in ordering that Metal Dynamics, Inc., be dissolved. This Court disagrees.
 {¶ 9} R.C. 1701.91 provides for judicial dissolution and states, in relevant part:
"A corporation may be dissolved judicially and its affairs wound up:
"By an order of the court of common pleas of the county in this state in which the corporation has its principal office, in an action brought by one-half of the directors when there is an even number of directors or by the holders of shares entitling them to exercise one-half of the voting power, when it is established that the corporation has an even number of directors who are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, or when it is established that the corporation has an uneven number of directors and that the shareholders are deadlocked in voting power and unable to agree upon or vote for the election of directors as successors to directors whose terms normally would expire upon the election of their successors. Under these circumstances, dissolution of the corporation shall not be denied on the ground that the corporation is solvent or on the ground that the business of the corporation has been or could be conducted at a profit." R.C. 1701.91(A)(4).
 {¶ 10} Shelly argues that no deadlock existed because Plance was free to manage and operate the corporation in any manner he desired. In the alternative, Shelly argues that even if a deadlock existed, Plance failed to prove that the shareholders were unable to break the deadlock. Shelly avers that Plance could have elected new directors at the July 9, 2002 shareholders' meeting which would have "broken any alleged deadlock existing in the management of the corporate affairs."
 {¶ 11} Plance argues that a deadlock existed as to the continued existence of the corporation. Plance avers that Shelly's argument that he could have elected new directors at the July 9, 2002 shareholders' meeting is irrelevant because, assuming he had a quorum to elect new directors and that he had done so, he would not have had the required number of votes to proceed with a shareholders' resolution for voluntary dismissal.
 {¶ 12} This Court finds Shelly's arguments to be without merit. Shelly and Plance are the two directors and the sole shareholders of Metal Dynamics, Inc. From a review of the record, it is clear that the most basic deadlock of all in the management of corporate affairs, namely whether the corporate entity should continue to exist, occurred between these two directors. One wants the corporation dissolved; the other, as evidenced by his inaction, wants the corporation to continue. Given the fact that Shelly and Plance are also the only shareholders of the corporation, they are unable to break the deadlock. Consequently, dissolution of Metal Dynamics, Inc., was permissible under R.C.1701.91(A)(4).
 III. {¶ 13} The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
DONNA J. CARR, BAIRD, P.J., BATCHELDER, J. CONCUR.